IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LIGHTGUIDE, INC. | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00433-RWS-RSP |
| AMAZON.COM, INC., AMAZON.COM SERVICES LLC, | § § § § | |
| *Defendants.* | § § | |

### REPORT & RECOMMENDATION

Before the Court is the Motion to Dismiss or in the Alternative Transfer to the Western District of Washington filed by Defendants Amazon.com, Inc. and Amazon.com Services LLC. **Dkt. No. 17.** For the reasons below, the Motion should be **DENIED**.

### I. BACKGROUND

Plaintiff LightGuide filed its Complaint on November 7, 2022, alleging patent infringement of U.S Patent Nos. 7,515,981, 9,658,614, and 10,528,036. Venue was alleged to be proper based on an Amazon Fulfillment Center located in Denton County ("FTW3/FTW4"). Venue discovery was ordered on July 18, 2023, Dkt. No. 78, and Plaintiff responded to the instant Motion. Dkt. No. 97 (the "Response").

### II. LEGAL STANDARD

#### A. Venue

The Judicial Code provides that 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions" and is not supplemented by the general venue statutes. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017) (citing *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957)). Pursuant to 28 U.S.C. §

1400(b), venue lies "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Three elements must be met in order to establish that a defendant has a regular and established place of business in the district: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. *In re: Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

When challenged, the plaintiff has the burden of establishing that venue is proper under 28 U.S.C. §1400(b). *In re: ZTE (USA) Inc.,* 890 F.3d 1008, 1013–14 (Fed. Cir. 2018). "A court may decide whether venue is improper based upon (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *AGIS Software v. T-Mobile USA Inc.*, No. 2:21-cv-72-JRG-RSP, 2021 WL 6616856, at *1 (E.D. Tex. Nov. 10, 2021) (quoting *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009)), *R&R adopted*, 2022 WL 178804 (E.D. Tex. Jan. 19, 2022).

### B. Transfer

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer

of the case. See *Id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. See *Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Once the moving party has established that the instant case could have been brought in the transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I*.

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance

of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

A case may also be transferred under § 1404(a) if there is an applicable forum selection clause. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 52 (2013). If a party files such a motion to transfer, then "proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id*. To determine whether transfer pursuant to a forum-selection clause is appropriate, courts follow a two-step analysis.

The court first determines if the forum selection clause governs the dispute. *See Gen. Protecth Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011). In patent cases, the applicability of a forum selection clause often arises when a defendant asserts a defense based on a license agreement. *See, e.g., Zix Corp. v. Echoworx Corp.*, No. 2:15-cv-01272-JRG, 2016 WL 7042221 (E.D. Tex. June 9, 2016). The Federal Circuit has held that a forum selection clause applies if the nexus between the case and the agreement at issue is "non-frivolous." *Gen. Protecth Grp*, 651 F.3d at 1359. A bare allegation that a license provides a defense to the claims in suit fails to meet this standard and will not trigger a forum selection clause. In *Zix*, this Court examined the continuum existing between a wholly frivolous assertion of a license defense and a conclusive

4

showing of success on the merits to find the "attachment point" at which the asserted defense becomes "non-frivolous." *Zix*, 2016 WL 7042221 at *3. The Court concluded that the elusive attachment point is "almost assuredly . . . found before we reach the mid-point of the spectrum" and that it is probably "found nearer the one-quarter marker." *Id*.

If the Court finds that the parties' dispute triggers a valid forum selection clause, then the Court "should ordinarily transfer the case to the forum specified in that clause [unless there are] . . . extraordinary circumstances unrelated to the convenience of the parties" that disfavor transfer. *Atl. Marine*, 571 U.S. at 62. "[T]his requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id*. at 63. "First, the plaintiff's choice of forum merits no weight" and "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*. Second, the Court "should not consider arguments about the parties' private interests" and "may consider arguments about public-interest factors only." *Id*. at 64. The Court should also assess these factors based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960); *accord In re EMC Corp*., 501 F. App'x 973, 976 (Fed. Cir. 2013). Finally, when a forum selection clause controls, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Atl. Marine*, 571 U.S. at 64.

### III.     ANALYSIS

A. <u>Dismissal Pursuant to 1400(b)</u>

#### i. Judicial District where Defendant Resides

Defendant asserts that Amazon does not reside in EDTX and Plaintiff does not contest the resident prong of the 1400(b) inquiry. Motion at 19; *see* Response at 12. Without a dispute regarding the residence prong, the Court turns to the remaining inquiry, whether the defendant has a regular and established place of business and has committed acts of infringement within EDTX.

#### ii. Regular and Established Place of Business and Acts of Infringement

Defendant dispenses with disputing whether Amazon has a regular and established place of business in EDTX for this Motion. Motion at 19 n.2; Response at 12. Instead, the focus their arguments on whether acts of infringement have occurred in this District.

Where a complaint alleges infringement, the allegations "satisfy the 'acts of infringement' requirement of § 1400(b)" "[a]lthough the . . . allegations may be contested." *Symbology*, 282 F.Supp.3d at 928. "The issue of infringement is not reached on the merits in considering venue requirements." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) (citing *Gunter & Cooke, Inc. v. Southern Electric Service Co.,* 256 F.Supp. 639, 648, 149 USPQ 438, 446 (M.D.N.C.1966)*, aff'd* 378 F.2d 60, 153 USPQ 655 (4th Cir.1967)).[1]

Plaintiff's Complaint alleges infringement within this District, which Defendant recognizes

---

[1] *Accord, e.g.*, *Intell. Ventures II LLC v. FedEx Corp.*, 2017 WL 5630023, at *8 (E.D. Tex. Nov. 22, 2017) ("In assessing whether a defendant has committed an act of infringement within the District, an allegation of infringement-even if contested-is sufficient to establish venue is proper."); *AML IP, LLC v. Bed Bath & Beyond, Inc.*, 2022 WL 1085617, at *5 (W.D. Tex. Apr. 11, 2022) ("But this is not the time for a balancing test or a merits decision—whether BB&B *actually* infringed is a question for another day. AML's allegation that BB&B infringed in this district is enough to survive this motion to dismiss . . . and establish[] that venue is proper ….").

in its Motion. Motion at 19-20. What Defendant contests is the sufficiency of these pleadings factually. Motion at 20. Particularly, Defendant contests use of the Accused Products in its FTW3/FTW4[2] Fulfillment Center. Motion at 20-21. In addition to FTW3/FTW4, Plaintiff points to the STX8 facility to demonstrate acts of infringement in this District.[3] Response at 13-22.

The Court finds that venue is proper based on the facts alleged, sufficient for this stage of the lawsuit. Defendant's improper venue objections rely on disputed facts regarding use of the accused products in the FTW3/4 Center. Plaintiff alleges infringement in a location in this District providing facts and witnesses to support the allegations. While infringement is contested, the Court finds that Plaintiff has met their burden of alleging sufficient facts to demonstrate that acts of infringement are present in this District.

Defendant also requests transfer as an alternative to dismissal pursuant to § 1406(a). Motion at 21. Having determined venue is proper, alternative transfer pursuant to § 1406(a) is not available as a remedy. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall . . . transfer such case to any district or division in which it could have been brought.")

B. Transfer Pursuant to 1404(a)

i. Forum Selection Clauses

Defendant asserts that forum selection clauses appearing in a "mutual non-disclosure agreement," Dkt. No. 19-1, and a "master purchase agreement," Dkt. No. 19-2, should control the

---

[2] Address listed as 15201 Heritage Pkwy, Fort Worth, TX 76177 (Denton County). Motion at 11; Complaint at 5.

[3] Plaintiff asserts the STX8 Fulfilment Center as an allegation of post-suit ongoing infringement that is not currently before the Court in this suit. While Plaintiff contends that supplemental pleadings could be allowed for these allegations, they have not been added as of this Motion. Therefore, and in light of finding that venue is ultimately proper based on the operative Complaint, the Court does not address the STX8 location.

transfer. Motion at 23. Defendant asserts that, despite not explicitly involving the contracts, the Complaint implicates the NDA and MPA's scope encompassing more than contract disputes. Motion at 24 (indicating "relating to" for the NDA and "incident to" for the MPA as the operative language).

Here, the Court finds that the contracts do not govern the dispute in this case. Neither party has asserted contractual claims or defenses regarding the breach of the two agreements. Nor are the agreements outcome determinative. *See* Dkt. No. 19-1 §§ 6, 11; Dkt. No. 19-2 §§ 2.2, 8.1; *see also In re Apple Inc.*, 809 Fed. Appx. 961, 962 (Fed. Cir. 2020) ("No party contends that the prior agreement controls the outcome of this case or has asserted a breach of contract claim originating from that agreement.").

The Court is also not convinced that broad drafting of the forum selection clauses encompasses the patent infringement claims. The provisions of the agreements and the parties' knowledge thereof are at most tangential to the instant lawsuit. *See Rovi Guides, Inc. v. Comcast Corp.*, No. 216-cv-00322-JRG-RSP, 2016 WL 6217201, at *3 (E.D. Tex. Oct. 25, 2016) ("Courts must be mindful, however, of extending a broadly-worded forum-selection clause too far, such that every subsequent dispute between contracting parties triggers a forum-selection clause when the agreement is raised as a defense."). The Court is even more cautious to extend the forum selection clauses here, where Defendant is not asserting defenses based on the contract and is only using the agreements to shortcut a transfer.

For these reasons, the forum selection clauses do not govern the dispute and accordingly the Court does not reach the remaining inquiries regarding forum selection clauses. The Court turns to the remaining considerations for a transfer pursuant to § 1404(a).

### ii. Whether the Case Could have been Brought in WDWA

Defendant contends and Plaintiff does not contest that the case could have been brought in the WDWA. Motion at 22; *see* Response at 23. The Court finds that the threshold determination has been met and turns to the private and public interest factors.

### iii. Private Interest Factors

#### 1. Ease of Access to Sources of Proof

The "relative ease of access to sources of proof" factor concerns "documents and other physical evidence." *Apple*, 979 F.3d at 1339. "The location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (citing *Volkswagen II*, 545 F.3d at 316–17). However, the Federal Circuit has directed the Court to "consider[] the location of document custodians and location where documents are created and maintained" when documents are in electronic format or available via the cloud. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). Reconciling the two approaches to documentary evidence, the Court will weigh physical evidence in favor of its venue location, credit identified document custodians, creation, and maintenance in favor of the holding venue, and otherwise find electronic documentary evidence fairly neutral.

Defendant asserts that documentary evidence related to pre-suit interactions and documentary evidence regarding the design and development of the products are located in WDWA. Motion at 26. Plaintiff asserts physical documents located in Michigan are closer to this District than to Seattle and that electronic documents are housed on servers in Dallas, Texas. Response at 25-26. Further, relying on document productions and witness depositions, Plaintiff asserts physical documentary evidence located in EDTX. Motion at 26-27.

As an initial matter, the Court finds the electronic evidence asserted by Plaintiff residing on servers in Dallas, TX weighs only slightly against transfer. *In re Planned Parenthood*, 52 F.4th at 630. Additionally, Defendant's assertions indicating that physical duplicates of electronic evidence "would be" located in Seattle weighs only slightly in favor. For these reasons, these forms of electronic evidence are neutral for this analysis.

Defendant's assertions that evidence, without indication of format, related to prior interactions of the parties exists in Seattle and Northern California are unpersuasive for transfer. *See In re Apple Inc.*, 743 F.3d 1377, 1379 (Fed. Cir. 2014). Amazon's assertions regarding Seattle are unsupported by concrete indications that relevant evidence related to the interactions exists within the transfer district. *See* Motion at 26; Dkt. No. 17-30 ("To the extent the [Seattle] team retains any records or physical evidence relating to its interactions with LightGuide, those records and/ or evidence would be located in the Seattle area."). Similarly, the Court cannot strongly weigh the convenience of evidence broadly alleged in Northern California without further facts.

Finally, the physical evidence weighs against transfer. Defendant's assertions regarding physical evidence, namely physical documents duplicating electronic evidence related to design and development of the Nike IDS technology, were addressed above. No physical evidence is specifically alleged by Defendant. Plaintiff asserts physical documents located in Michigan and physical systems located in this District would weigh against transfer. The Court cannot overlook the added burden Plaintiff would face regarding these physical sources of proof if transfer to WDWA were granted.

With physical evidence weighing against transfer, and all other evidence alleged for purposes of this Motion resolved as neutral, the Court finds that this factor weighs slightly against transfer.

2. *Availability of Compulsory Process to Secure Attendance of Witnesses*

The availability of process factor addresses the Court's ability to secure the attendance of non-party witnesses. "When there is no indication that a non-party witness is willing, the witness is presumed to be unwilling." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n. 1 (Fed. Cir. Sept. 25, 2018) (citing *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-cv-00513, 2018 WL 2329752, at *6 (E.D. Tex. May 23, 2018)). Thus, this factor hinges upon the inherent limits of this Court's and NDCA's subpoena power over identified third-party entities.

> A subpoena may command a person to attend a trial… only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person … (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. Proc. 45(c)(1)(A) & (B)(ii).

Defendant asserts two categories of third-party witnesses who would be within the subpoena power of WDWA, historically known third-party witnesses and prior art authors. Motion at 27 (referencing Dkt. No. 17-28 ¶¶ 3,4). Amazon asserts that the "historical knowledge" is important to identify relevant former employees of Amazon for the prior interactions between the parties. *Id.* Regarding prior art witnesses, Defendant identifies within WDWA Wayne Freeze, Motion at 15, and "three other inventors of prior art," Francois Rouaix, Alan Locke, and Steven Walton based on LinkedIn postings. 17-1 ¶¶ 15-20. Plaintiff contests that prior art inventors are relevant to this analysis due to appearance on the prior art alone, or in the alternative identifies two prior art witnesses, Michael D. Carpenter and Neil David Glossop, located in Arlington and Houston, TX respectively. Response at 30. Additionally, Plaintiff identifies third-party witnesses within the subpoena power of this District with relevant knowledge of the technology at issue,

namely, Eva Baker, Lakshmi Narayana, Fernando Lopez, Dave Clark, Kurt Carmody, Chris Von Volkenberg, and broadly "other former Amazon employees." Response at 29.

Witnesses alleged to be in WDWA based on "historical knowledge" are unpersuasive. Amazon broadly claims that "some of the employees responsible for the design and development of the Nike IDS are based in Seattle" relying on a declaration that identified that the "large bulk" of the Amazon employees are based in the Boston area. Dkt. No. 17-28 ¶ 4. Similar to the precedent relied upon by Defendant, vague assertions that witnesses are located in a particular forum are unpersuasive, especially in light of a record demonstrating that only a portion of the relevant employees could be located in Seattle. *Caselas, LLC v. Jetpay LLC*, No. 6:20-cv-01138-ADA, 2021 WL 6015534, at *4 (W.D. Tex. Sep. 3, 2021) (citing *Core Wireless Licensing*, No. 6:12-cv-100-LED-JDL, 2013 WL 682849, at *3 (E.D. Tex. Feb. 22, 2013) (Love, J.)). Similarly, Plaintiff's assertion regarding "other former Amazon employees" identified broadly do not weigh against transfer except for those specifically alleged in the record. *See* Dkt. No. 97-50.

Plaintiff's proposition that prior art witnesses are not relevant due to "publications and titles alone" is unsupported by the cited authority. Rather, the Federal Circuit found that former employee witness testimony duplicative of current employee testimony cannot be overridden by materiality alleged by publication alone. *In re Juniper Networks, Inc.*, No. 2021-156, 2021 WL 4519889, at *3 (Fed. Cir. 2021) ("But publications and titles alone do not show that these witnesses have information that Juniper's current employees cannot provide.").

Defendant's identified prior art witnesses, subject to subpoena in the WDWA, weigh in favor of transfer. Plaintiff's identified prior art witnesses, located in Arlington, TX and Houston, TX, are within the conditional subpoena power of this forum and are therefore weigh against transfer. Plaintiff's identified relevant witnesses within EDTX, including those specifically alleged

in the attached exhibits, weigh against transfer. *See Genentech*, 566 F.3d 1338, 1333-34 (Fed. Cir. 2009) (holding that witnesses providing relevant and material information for potential issues at trial weigh in favor of the forum identified). In conclusion, weighing the witnesses in totality, this factor is fairly neutral.

### 3. *Cost of Attendance for Willing Witnesses*

The convenience of willing witnesses considers both party witnesses and willing third-party witnesses. Where the distance between two districts exceeds 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. Plaintiff asserts that party witnesses must be specifically identified to weigh in favor of this factor, however the Federal Circuit has demonstrated that all alleged party witnesses must be considered. *Genentech*, 566 F.3d 1338, 1333-34 (Fed. Cir. 2009)

First, Defendant asserts that its Seattle-based party witnesses are obviously closer to the Seattle Federal Courthouse and travel to Marshall, TX would be less convenient. Motion at 27-28. Plaintiff responds that employees located in EDTX[4] are equally capable to testify to relevant knowledge and Defendant has failed to indicate why the Seattle-based witnesses should be used instead. Response at 31. Here, the Seattle-based witnesses do not weigh significantly in favor of transfer where it is not clear what testimony the unnamed "colleagues" of Mr. Keck would provide that cannot be obtained from employees already located in this District. *In re Juniper Networks, Inc.*, No. 2021-156, 2021 WL 4519889, at *3 (Fed. Cir. 2021).

---

[4] Identifying Nathan Schmenk, Shawn Morgan, Patrick Nowlin, Tiara Deleveaux, and Brian Mangano as relevant Amazon employees, Response at 31-32, and other named Amazon employees, Dkt. No. 97-50.

Second, Defendant asserts that the Amazon Lab126 San Francisco witnesses would require a 2.5 hour flight to arrive in Seattle instead of a 6 to 10 hour flight to arrive in Longview. Motion at 28. Plaintiff responds that employees were not specifically identified for Lab126. Response at 34. As discussed above, Defendant is not required to name the party witnesses for this factor and the Lab126 employees weigh in favor of transfer.

Third, Defendant asserts that the Boston-based Amazon employees would either need to fly 6.5 hours direct to Seattle or a total of 7 hours for a flight into Dallas and then drive to Marshall, TX. Motion at 28-29. Because Defendant grossly overstates the travel time, the Court finds that the Boston employees do not weigh in favor of transfer. Furthermore, the Boston-based employees are not demonstrated to have unique testimony that cannot be accomplished by the witnesses in this District. If anything, these witnesses are weigh slightly against transfer.

Fourth, Defendant asserts that WDWA would be more convenient for the LightGuide employees travelling from Michigan. Motion at 29. Plaintiff responds that travel to EDTX is 996 miles closer than travel to WDWA. Response at 33. Considering the significant difference in travel distance, the Court finds that the LightGuide employees weigh against transfer.

Fifth, Plaintiff raises the issue of costs associated with litigating in each venue, asserting based on federal per diem rates that costs would be half in EDTX for lodging and meals. Response at 35. The Court finds that this weighs slightly against transfer.

Finally, Plaintiff asserts that likely trial witnesses located outside either forum would be inconvenienced by transfer to WDWA. Response at 32-33. Specifically, Plaintiff identifies Jim Kowalski in Birmingham, AL, James Ryznar in Detroit, MI, Vivek Narayanan in Nashville, TN, Roger Richardson in Charlotte, NC, Vikram Raghavan in Ithaca, NY, and Connor McIntyre in

Florida. *Id.* These witnesses are closer to Marshall by 1655, 996, 1470, 1595, 1484, 1042, and 1042 miles respectively. *Id.* These witnesses weigh against transfer.

In conclusion, in considering the arguments and party witnesses identified by both parties, the Court finds that this factor weighs against transfer.

4. *All Other Practical Problems*

The fourth private interest factor addresses concerns rationally based on judicial economy. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *6 (E.D. Tex. Nov. 27, 2019); *see also Vistaprint*, 628 F.3d at 1346.

Defendant asserts positions related to attorneys' ease of travel to WDWA. Motion at 29. Convenience for attorneys is not a consideration for this factor. Defendant asserts that effects on judicial economy would be minimal due to the early stage of the case. Motion at 29. Plaintiff responds that trial is set for July 15, 2024, and points to several pre-trial disclosure deadlines that have passed. Response at 35. The Court finds that transfer would only incur duplicative efforts to be undertaken in the transferee forum and judicial economy weighs slightly against transfer of the case.

**iv. Public Interest Factors**

1. *Administrative Difficulties Flowing from Court Congestion*

In considering court congestion arguments, deference is given to the district court's assessment of the average time to trial data. *In re Google LLC*, 58 F.4th 1379, 1384 (Fed. Cir. Feb. 1, 2023) (citing *Planned Parenthood*, 52 F.4th at 631; *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009)) ("We do not disturb the district court's suggestion that it could dispose of the case more quickly than if the case was transferred to the Northern District of California."). Where

the record does not indicate any further basis to comparatively evaluate court efficiencies, the analysis is speculative and neutral. *Id.* (citing *Genentech*, 566 F.3d at 1347).

Defendant asserts that this factor is neutral due to case load comparison between the two districts. Motion at 30. Further, however, Defendant asserts that the factor is neutral despite identifying that this District has a faster time to trial by 10.8 months. *Id.* Plaintiff asserts that this gap in time to trial should be given the most weight and is as large as 11.1 months. Response at 36. Considering that both parties find that this District has a faster time to trial, this factor weighs against transfer.

### 2. Local Interest

"[T]his factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'" *In re Apple*, 979 F.3d at 1345 (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)).

Defendant asserts that WDWA has a local interest due to relevant sales occurring between the parties in Seattle and alleging the case will call into question the work and reputation of local employees. Motion at 31. Plaintiff responds that acts of infringement and Amazon's presence in EDTX create a local interest in this district. Response at 37.

The Court finds that the local interest factor weighs slightly in favor of transfer. Here, the actions occurring in WDWA that Defendant cites are related to the contracts containing the addressed forum selection clauses. Plaintiff identifies the alleged infringement that this case is concerned with being connected to EDTX. The events giving rise to the suit are the acts of infringement alleged, not a cause of action derived from the contracts indicated. Therefore, the local interest factor weighs only slightly in favor of transfer.

3. *Familiarity of the Forum with the Law that Will Govern the Case*

Defendant asserts that both forums can equally apply federal law.[5] Motion at 31. Plaintiff responds EDTX has handled over 28 times the number of patent cases that WDWA has handled. Response at 38. Notwithstanding the unique nature of patent cases, the Court finds that this factor is neutral.

4. *Conflict of Law Avoidance*

Both parties agree, and the Court finds, that this factor is neutral. Motion at 32; Response at 38.

## IV.   CONCLUSION

Having considered the briefings and relevant authorities, the Court **RECOMMENDS** that Amazon's Motion to Dismiss or in the Alternative Transfer to WDWA be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **by no later than September 25, 2023** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 13th day of September, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[5] Defendant also asserts that the forum selection clauses would weigh this factor in favor of WDWA, however, as was addressed the forum selection clauses do not govern in this action.