IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIGHTGUIDE, INC. § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 2:22-CV-00433-RWS-RSP |
| § | |
| AMAZON.COM, INC., § | |
| AMAZON.COM SERVICES LLC, § | |
| § | |
| *Defendants.* § | |

## ORDER

Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively "Amazon") previously filed a Motion to Dismiss or in the Alternative Transfer to the Western District of Washington. Docket. No. 17. The motion was briefed (Docket Nos. 97, 100) after the parties conducted venue discovery and addressed issues related to the motion at a hearing before Magistrate Judge Payne (*see* Docket No. 67). Magistrate Judge Payne entered a Report and Recommendation ("R&R"), recommending denial of Amazon's motion. Docket No. 101 Amazon has now filed Objections. Docket No. 110 [hereinafter Objections]. The Court addresses Amazon's objections in turn.

As a threshold matter, Amazon argues that the R&R fails to cite its reply filed at Docket No. 100.[1] Objections at 4. The Court reminds Amazon that all motions are ripe for consideration once a response has been filed. L.R. 7(e); L.R. 7(f) ("The court need not wait for the reply or sur-

---

[1] Plaintiff has filed a Motion to Strike, Docket No. 109, asserting certain evidence relied upon in Amazon's reply should not be considered. The motion has not yet become ripe for consideration, however, the Court notes that Amazon relies on the disputed evidence for several of the objections considered here.

reply before ruling on the motion."). In any event, the Court has fully considered the arguments in the reply.

Amazon asserts that the R&R applies an incorrect standard in arriving at its recommendation, namely disagreeing with the R&R's citation to *In re Cordis*, 769 F.2d 733, 737 (Fed. Cir. 1985). Objections at 4. Further, Amazon contends the "R&R does not engage at all with the evidence put forth by Amazon or find that LightGuide satisfied its burden of persuasion." *Id.* Regarding the evidence that Amazon claims was not engaged with by the R&R, Amazon asserts "the evidence overwhelmingly shows that FTW3/4 never used the accused technology." Objections at 5 (emphasis removed).

The R&R found that the only contested portion of the § 1400(b) analysis was whether acts of infringement occurred within the District. Docket No. 101 at 6. The R&R then expressly cited the correct standard that "the plaintiff has the burden of establishing that venue is proper under 28 U.S.C. §1400(b)." Docket No. 101 at 2 (citing *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018)). The R&R cited *In re Cordis* to explain that:

> Where a complaint alleges infringement, the allegations "satisfy the 'acts of infringement' requirement of § 1400(b)" "[a]lthough the . . . allegations may be contested." *Symbology*, 282 F.Supp.3d at 928. "The issue of infringement is not reached on the merits in considering venue requirements." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) (citing *Gunter & Cooke, Inc. v. Southern Electric Service Co.,* 256 F.Supp. 639, 648, 149 USPQ 438, 446 (M.D.N.C.1966)*, aff'd* 378 F.2d 60, 153 USPQ 655 (4th Cir.1967)).[2]

Docket No. 101 at 6. Further, the R&R points to Amazon's motion, Docket No. 17 at 20, where

---

[2] *Accord, e.g.*, *Intell. Ventures II LLC v. FedEx Corp.*, 2017 WL 5630023, at *8 (E.D. Tex. Nov. 22, 2017) ("In assessing whether a defendant has committed an act of infringement within the District, an allegation of infringement-even if contested-is sufficient to establish venue is proper."); *AML IP, LLC v. Bed Bath & Beyond, Inc.*, 2022 WL 1085617, at *5 (W.D. Tex. Apr. 11, 2022) ("But this is not the time for a balancing test or a merits decision—whether BB&B *actually* infringed is a question for another day. AML's allegation that BB&B infringed in this district is enough to survive this motion to dismiss . . . and establish[] that venue is proper ….").

Amazon claims the alleged system is "not used or installed in the FTW3/FTW4 fulfillment centers or anywhere else in the District." Docket No. 101 at 6–7.

The Court agrees with the reasoning provided in the R&R. Plaintiff asserts that the alleged infringing technology was used in the FTW3/FTW4 Fulfillment Center, relying on a signed declaration of a former Amazon employee and training material for the relevant systems. Amazon relies on a competing declaration, attacking the original declaration's credibility, to argue that venue is not proper.[3] What is presented is the question of the credibility of a witness and disagreement as to the sufficiency of the evidence provided to prove that venue is proper. The R&R, finding Plaintiff's allegations and evidence sufficiently persuasive, determined Plaintiff had met the burden of proof by demonstrating "that acts of infringement are present in this District" to show venue is proper at this stage of the case. The Court does not find error in this conclusion and finds that the R&R applied the correct standard and engaged with and properly considered the evidence.

Next, Amazon asserts that the R&R was erroneous in finding that forum selection clauses appearing in two contracts, a "2016 NDA" and "2018 MPA," were not controlling in this matter. Objections at 5–6. Amazon supports its assertion by rearguing its position that the words "relate to" or "in connection with" appearing in the clauses broadly encompass the instant action. Objections at 6 (citing *Wellogix, Inc. v. SAP Am., Inc.*, 58 F. Supp. 3d 766, 777-78 (S.D. Tex. 2014)). Further, Amazon cites *NuCurrent, Inc. v. Samsung Elecs. Co., Ltd.*, 2018 WL 7821099, at

---

[3] Defendant provided a declaration from Eva Baker in its reply, Docket No. 100-2, to contest the declaration provided by Eva Baker to LightGuide. Plaintiff relied upon the earlier declaration in its response to the motion. The second Baker declaration's use is contested by Plaintiff. Docket No. 109.

\*7 (E.D. Tex. Dec. 26, 2018), for the proposition that an accusation of willful patent infringement brings this case within the purview of the asserted forum selection clauses. Objections at 6.

The R&R found that the contracts do not govern the dispute in this case, relying on the absence of breach of contract claims or other outcome determinative aspects of the agreements. Docket No. 101 at 8 (citing *In re Apple Inc.*, 809 Fed. Appx. 961, 962 (Fed. Cir. 2020)). Further, the R&R found that broad application of the operative language was ill-advised where the Defendant is not asserting defenses based on the agreements. *Id.* (citing *Rovi Guides, Inc. v. Comcast Corp.*, No. 216-cv-00322-JRG-RSP, 2016 WL 6217201, at \*3 (E.D. Tex. Oct. 25, 2016)).

The Court agrees with the reasoning in the R&R.  Regarding the applicability of the broad contract language, the Court is unpersuaded that anticipatory use of the facts surrounding the formation of the contracts is enough for them to govern this dispute. Further, Amazon's reliance on *NuCurrent* is misplaced. The dispute in *NuCurrent* is factually distinct because, unlike the instant action, the plaintiff alleged trade secret claims based on the disclosure of "confidential information." *NuCurrent*, 2018 WL 7821099, at \*5–7 (E.D. Tex. 2018).

Turning to the analysis of the alternatively requested transfer, Amazon asserts the R&R improperly ignored differences between groups of employees Amazon defines in "categories" for the Objections.  Objections at 6–7. Amazon's recategorization of types of employees outside the context of the two relevant transfer factors, the cost of attendance of willing witnesses and the use of compulsory process for non-willing witnesses, is not persuasive. The Court is unconvinced to rely on these categories alone as a sign of erroneous reasoning, and instead turns to the more specific objections raised regarding the relevant factors.

Amazon next asserts the R&R incorrectly weighed the sources of proof factor against transfer. Objections at 8. Amazon contends "Mr. Keck and his colleagues" were not properly

considered as document custodians. *Id.* Amazon also contends the R&R ignored custodians and physical evidence in Northern California. *Id.* Further, Amazon contends the R&R improperly weighed physical documents in Michigan against transfer because the Michigan-based documents can be conveyed electronically. *Id.* Amazon also disagrees with weighing "physical systems located in this District" against transfer, predicated on their previously discussed dispute regarding the FTW3/4 Fulfillment Center. *Id.*

Regarding document custodians, the R&R notes that the Federal Circuit has indicated that the location of document custodians should be considered. Docket No. 101 at 9 (citing *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021)). Addressing Mr. Keck specifically, the R&R found that the unnamed colleagues of Mr. Keck offered no weight for the willing witnesses factor. Docket No. 101 at 13. The Court is not convinced that a bare assertion that Mr. Keck and the unnamed colleagues are "document custodians" is enough to weigh them for purposes of the access to sources of proof factor. *See In re Google,* 2021 WL 5292267, at *2.

The R&R addresses the evidence claimed to be in Northern California, finding that evidence not located in the requested transfer district is not persuasive where it is unclear what physical evidence not duplicated in electronic format was housed in Northern California. Docket No. 101 at 10. Further, the R&R found that broad allegations of documentary evidence located in Northern California cannot be weighed in favor of transfer. *Id.* The Court is not convinced by Amazon's reassertion of generalized claims that evidence is in Northern California, outside of this District and the requested W.D. Wash. Additionally, the Court is not persuaded that the report ignored "custodians" in California where Amazon has failed to indicate where in the record document custodians in California were ignored.

As indicated by the Fifth Circuit, the "location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316–17 (5th Cir. 2008)). The R&R found that physical documents located in Michigan weighed against transfer based on Plaintiff's additional burden that would be incurred by transfer to W.D. Wash. Docket No. 101 at 10. Amazon asserts that the documents are easily transferrable electronically. But even if Amazon had shown the physical documents are duplicated in electronic format and are easily transferable, the R&R also weighed the physical systems located at the FTW3/FTW4 Fulfillment Center against transfer. Docket No. 101 at 10. Amazon's objection regarding the physical systems is predicated on its argument that the systems are not located in the FTW3/FTW4 Fulfillment Center. But the Court has already found that the R&R did not err in its finding regarding the FTW3/FTW4 Fulfillment Center. Moreover, Amazon's allegation that additional Amazon fulfillment centers exist in W.D. Wash. does not change the fact that Plaintiff's pleadings and evidence specifically focus on the physical systems located at the FTW3/FTW4 Fulfillment Center. Accordingly, the Court does not agree that the R&R's analysis regarding the sources of proof factor was erroneous, given the alleged physical systems in this District.[4]

Regarding the availability of compulsory process factor, Amazon contends the R&R incorrectly found this factor neutral. Objections at 8. Amazon's contentions are based on an

---

[4] The Court also finds that the weight assigned by the R&R to the physical systems in this district related to the issue of infringement would overcome the weight that Amazon argues in its objections should be assigned to physical evidence in Northern California that may relate to willfulness (*see* Objections at 7).

erroneous weighing of "Category 2" employees.[5] Objections at 9. Amazon also disagrees with weighing six former Amazon employees in EDTX against transfer. *Id.*

The R&R addressed the Category 2 employees, originally categorized as former Amazon employees or employees with historical knowledge, finding that the reference to the employees in the Motion was vague and unpersuasive. Docket No. 101 at 12 (referencing Amazon's support for the named witnesses as a declaration that indicated a large bulk of the witnesses were in Boston). The Court is not convinced that this was erroneous in light of the record and is not persuaded by the addition of willing witnesses added in the reply which, if allowed, would not apply to the compulsory witness factor. Reviewing the analysis of this factor, the Court finds that the R&R properly weighed the asserted non-willing witnesses.

Amazon references Docket No. 101 at 12–13 to support that "six former Amazon employees" were not weighed properly. However, the relevant portion of the R&R references the attachments to Plaintiff's response, cited earlier in the R&R. Docket No. 101 at 12 (citing Docket No. 97-50). Reviewing the reference, LightGuide not only identifies more than six Amazon employees, but also provides a description of what "discoverable information" those witnesses could possess. Docket No. 97-50 at 7–27. The Court finds that weighing these witnesses against transfer was not error.

Amazon also asserts the R&R improperly weighed the cost of willing witnesses factor. Objections at 9. The Court is unpersuaded by the bulleted list refuting the weight afforded various witnesses, and in review of the R&R's analysis finds that the weight of the factor was not erroneous.

---

[5] Amazon defines "Category 2" employees as "[e]mployees who participated in pre-suit interactions with LightGuide, who LightGuide has alleged are relevant to its allegations of copying and willfulness."

Amazon further argues that the R&R did not properly consider that LightGuide "through its FSCs and business dealings, has conceded that W.D. Wash. is convenient." Objections at 9. The R&R addresses the "business dealings" and "FSCs" for the local interest factor. Docket No. 101 at 16. The Court finds that the contacts were properly and explicitly considered. Amazon's bare assertion they were not considered is inconsistent with the plain language of the R&R itself.

Finally, Amazon asserts the R&R improperly weighed the passage of pretrial deadlines in consideration of the "all other practical problems" factor. Objections at 9 (citing *In re TracFone Wireless*, 848 F.App'x 899, 901 (Fed. Cir. 2021); *In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2023)). Without analytical support, Amazon merely disagrees with the findings of the R&R and the cited authorities are unpersuasive. In *In re TracFone*, the Federal Circuit found that the passage of deadlines should not be weighed in favor of transfer due to the erroneous denial of a motion to stay. 848 Fed. App'x. 899, 900 (Fed. Cir. 2021). *In re Horseshoe Entertainment* does not stand for the proposition Defendant urges, as in the cited passage the Fifth Circuit declines to give weight to a "location of counsel" factor not relevant to the transfer analysis. 337 F.3d 429, 434 (5th Cir. 2003).

In conclusion, after conducting a *de novo* review of the briefing on the Motion to Dismiss or in the Alternative Transfer, the Report and Recommendation, and the briefing on Amazon's Objections, the Court agrees with the reasoning provided within the Report and Recommendation and concludes that the Objections fail to show that the Report and Recommendation was erroneous. Accordingly, it is

**ORDERED** that the Amazon's Objections (Docket No. 110) are **OVERRULED**. It is further

**ORDERED** that the Magistrate Judge's Report and Recommendation (Docket No. 101) is **ADOPTED**. It is further

**ORDERED** that Amazon's Motion to Dismiss or in the Alternative Transfer to the Western District of Washington (Docket No. 17) is **DENIED**.

**So ORDERED and SIGNED this 29th day of September, 2023.**

*[Signature: Robert W. Schroeder III]*

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE